IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANYA HARP,       :  | |
|    Plaintiff,    :  | |
|                  :  | |
| v.               :  | CIVIL ACTION NO. 24-CV-6721 |
|                  :  | |
| BANK OF AMERICA, :  | |
|    Defendant.    :  | |

MEMORANDUM

MCHUGH, J.                                                          FEBRUARY 5, 2025

Plaintiff Canya Harp has filed a *pro se* Complaint alleging that Defendant Bank of America (the "Bank") violated the Equal Credit Opportunity Act ("ECOA") by denying her credit card applications. Ms. Harp also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Harp *in forma pauperis* status and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      FACTUAL ALLEGATIONS[1]

Ms. Harp applied for "a line of credit and a secured consumer credit card account on September 9, 2024, and entered a consumer credit transaction" with the Bank. (Compl. at 3.) That same date, she received "a refusal and adverse action for the individual account." (*Id*.) Harp alleges that the Bank's "terms of the contract and agreement for the Secured Account states that upon delivery of the application, a Deposit Account and Secured Card Account will be opened in Harp's name and that the applicant granted a security interest to the Bank to secure all

---

[1] Harp filed a seven-page Complaint. (ECF No. 2.) She also attached several exhibits, labeled as Exhibit ("Ex") A through M, including relevant correspondence between her and the Bank. (*Id*. at 8-42.) The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up.

obligations owed." (*Id*. at 3.)  In support of that allegation, she attached what appears to be an incomplete copy of agreement terms governing a credit card offer she received from the Bank. (*Id*. at Ex. A, 13-14.)

In response to the denial of credit, on September 18, 2024, Ms. Harp, acting on own her behalf as a "Power of Attorney," "requested information from the Bank on how to go about utilizing their security interest and Harp's delivered negotiable instrument as collateral security and prepayment for the account." (*Id*. at 3.)  She attached this correspondence to her Complaint. (*Id*. at Exs. B and I, 30-34.)  Since she did not receive a response to her initial letter, on October 4, 2024, Harp "tendered an endorsed negotiable instrument, contractual amendments, and sent a notice of claim to rights" to the Bank, instructing it "to issue her the line of credit in the amount of $5,000." (*Id*. at 3.)  Her notice "contained a provision of presumption of acceptance or return of security deposit" by the Bank with "no correspondence back to Harp." (*Id*. at 4; Ex. C, 37.) Harp "tendered her collateral security as prepayment and repayment for the Account, expressed her capacity to contract, displayed her creditworthiness" to the Bank two additional times on November 4, and November 15, 2024.  (*Id*. at 4.)

On October 16, and November 16, 2024, the Bank again refused to issue Harp an account and "repeatedly ignored" her efforts to tender her secured collateral.  (*Id*. at 4.)  Ms. Harp attached the Bank's letters to her that each state, in relevant part:

> We're sorry – we can't approve your request for our BankAmericard Platinum Plus Mastercard right now.
>
> We carefully reviewed your application along with economic and loss trends and the report(s) provided by the consumer reporting agency(ies) listed below.  We also considered your relationship with us and, unfortunately, we weren't able to approve your request because of the following reason(s):
>
> Current or past delinquency, derogatory public record(s), and/or collection account(s)

>You'll also find important information in the Equal Credit Opportunity Act Notice in this letter.

(*Id*. at Ex. D, 9-10; Ex. H, 22-23; Ex. G, 25-26; Ex. F 27-29.)

On November 25, 2024, she filed a complaint with the Consumer Financial Protection Bureau based on the Bank's non-performance. (*Id*. at 4; Ex. M, 15-21.) In that complaint, Harp alleged that the Bank violated the ECOA by denying her credit card applications. (*Id.* at Ex. M, 16.) She contended, among other things, that the correspondence she sent to the Bank after it denied her credit card applications "made [her] a protected class against discrimination under the [ECOA]," and that the Bank discriminated against her by denying her credit. (*Id.* at Ex. M, 17.) She also claimed that she "was treated as incompetent and as a minor lacking capacity to contract which is discrimination by age." (*Id.*)

In her Complaint in this civil action, Ms. Harp likewise claims the Bank violated the ECOA by refusing to consider the information she provided, which allegedly "indicates her credit history does not reflect her creditworthiness," and by refusing to extend her an account "on a prohibited basis as a creditworthy applicant after tendering collateral securities and expressing her rights under the act and capacity to contract making Harp a protected class and owed equal consideration." (*Id*. at 1, 4.) She further asserts the Bank continued to utilize her credit history to refuse her an account after expressing her rights to the account, resulting in discrimination and violations of the ECOA. (*Id*. at 5-6.) Harp asks the Court to order the Bank "to extend the credit owed to the consumer and principal and apply the Principal's balance of $5,000 to be used for personal, family, and household purposes to the individual account applied for, issue the consumer's line of credit and credit card, instruct the Bank to utilize the Plaintiff's securities for the fulfillment of her debt obligations." (*Id.* at 1-2, 6.)

3

## II.     STANDARD OF REVIEW

The Court grants Ms. Harp leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Harp is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Harp contends that the Bank violated the ECOA by discriminating against her as an applicant who is a member of a protected class and "has in good faith exercised any right under Consumer Credit Protection Act." (Compl. at 1, 3, 5.) The ECOA prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age (provided the

4

applicant has the capacity to contract)," or "because the applicant has in good faith exercised any right under this chapter [*i.e.*, the Consumer Credit Protection Act]." 15 U.S.C. § 1691(a); *see also, Nat'l State Bank, Elizabeth, N. J. v. Long*, 630 F.2d 981, 984 (3d Cir. 1980). An "applicant" is "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). The ECOA establishes a private right of action pursuant to § 1691e, which allows civil liability for, *inter alia*, equitable relief as Harp requests. *See id*. § 1691e(c) ("Upon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this subchapter.").

"To establish a prima facie case under the ECOA, a plaintiff must show that (1) she was a member of a protected class; (2) she applied for credit from the defendant; (3) she was qualified for the credit; and (4) despite qualifying, she was denied credit." *Stefanowicz v. SunTrust Mortg.*, 765 F. App'x 766, 772 (3d Cir. 2019) (*per curiam*) (citing *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010)). A plaintiff may support an assertion of discrimination by showing that the defendant "has treated more favorably similarly situated persons not within the protected class." *Tolliver v. Thompson*, No. 21-1768, 2022 WL 3212085, at *4 (D. Del. Aug. 9, 2022) (citing *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 413 (3d Cir. 1999)). "[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *Shahin v. PNC Bank*, 625 F. App'x 68, 70 (3d Cir. 2015) (*per curiam*) (internal quotation marks omitted) (omissions in original).

5

Even liberally construing the Complaint, Ms. Harp has not plausibly alleged that she was discriminated against by the Bank in connection with the provision of credit (or otherwise) because of her membership in a protected class. Significantly, the Complaint does not allege that she is a member of any protected class identified by the ECOA. *See* 15 U.S.C. § 1691(a). It is possible Harp attempted to allege that she was discriminated against based on age when she cited to 12 C.F.R. § 1002.7(a), stating "a creditor shall not refuse an individual account to a creditworthy applicant based on age." (Compl. at 5.) However, Ms. Harp does not provide her age or explain how she was discriminated against on this basis. Nor does she make any attempt to show that other similarly situated persons outside of the protected class were treated more favorably.

Even putting aside this fatal flaw, the allegations in the Complaint primarily focuses on Ms. Harp's "creditworthiness." The Court notes that allegations of "creditworthiness" may make it *possible* that she was qualified for the credit card, but this single fact still does not push Harp's claim over the line from possibility to plausibility. *See Pride v. U.S. Dep't of Agric.,* No. 23-2292 , 2024 WL 3924579, at *6 (D.D.C. Aug. 23, 2024) (finding that plaintiff had "a 10-year track record of regularly paying back crop loans" does not sufficiently allege he was qualified for the loan); *Cf. Walker v. Bank of Am. Corp.*, No. 18-2466, 2019 WL 3766824, at *5 (D. Md. Aug. 8, 2019) (finding that an ECOA plaintiff sufficiently alleged that she was qualified for a loan where she attested to her strong credit scores and various sources of regular income and contended that a loan officer had told her that her documents were 'in order' and '[y]ou have a lot of money.'"). Notably, Ms. Harp's Complaint and exhibits make clear that the Bank denied her credit card applications due to her "[c]urrent or past delinquency, derogatory public record(s), and/or collection accounts(s)." (*See, e.g.*, Compl. at Ex. D, 9.) While Harp baldly contends that she presented the Bank with information "indicat[ing] her credit history does not

6

reflect her creditworthiness," *see id.* at 1, neither the Complaint nor attached exhibits describe that information with any specificity. Accordingly, Harp has not stated a plausible claim under the ECOA based on her generalized allegations of discrimination.

It is also possible Ms. Harp intended to allege a claim pursuant to § 1691(a)(3), but that claim would fail too. "In order to establish a violation of § 1691(a)(3), a plaintiff must show that: (1) [she] exercised in good faith (2) a right under the Consumer Credit Protection Act, and (3) as a result, the creditor discriminated against [her] with respect to the credit transaction." *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1335 (11th Cir. 2000). The Complaint does not state any factual allegations to explain how she was discriminated against, what right she was exercising, and how that is tied to the Bank with respect to her denied credit card application. Thus, Harp has not made any plausible allegations to adequately tie the Bank denying her a credit card to any assertion of a right under the ECOA or any other relevant statute.

### IV.   CONCLUSION

For the reasons stated above, the Court will grant Harp leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice. Harp will be provided an opportunity to file an Amended Complaint if she is capable of curing the defects the Court has identified in her claims.

An Order providing additional instructions on amendment will be entered.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
**United States District Judge**