IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANYA HARP,<br>　　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6721 |
| | : | |
| BANK OF AMERICA,<br>　　　Defendant. | : | |

MEMORANDUM

MCHUGH, J.                                                                            APRIL 8, 2025

Currently before the Court is an Amended Complaint filed by *pro se* Plaintiff Canya Harp alleging that Defendant Bank of America (the "Bank") violated the Equal Credit Opportunity Act ("ECOA") by denying her credit card applications. (ECF No. 8.) For the following reasons, the Court will dismiss Harp's Amended Complaint.

I.      FACTUAL ALLEGATIONS[1] AND PROCEDURAL HISTORY

Ms. Harp initiated this civil action by filing a Complaint ("Compl.") against the Bank for allegedly discriminating against her as a member of a protected class in violation of the ECOA after it continued to utilize her credit history to refuse her credit card applications even though she was a creditworthy applicant. (*See* Compl., ECF No. 2 at 1, 5-6.) She sought an Order from the Court to, *inter alia*, issue her the requested line of credit. (*Id*. at 6.)

In a February 5, 2025, Memorandum and Order, the Court granted Harp leave to proceed *in forma pauperis* and dismissed her Complaint for failure to state a claim. (ECF Nos. 6 & 7.) When dismissing Harp's Complaint, the Court explained that "[e]ven liberally construing the

---

[1] Harp filed an eight-page typewritten Amended Complaint. (ECF No. 8.) The factual allegations set forth in this Memorandum are taken from the Amended Complaint.

Complaint, Harp has not plausibly alleged that she was discriminated against by the Bank in connection with the provision of credit (or otherwise) because of her membership in a protected class. Significantly, the Complaint does not allege that she is a member of any protected class identified by the ECOA." *Harp v. Bank of Am.,* No. 24-6721, 2025 WL 409662, at *3 (E.D. Pa. Feb. 5, 2025) (citing 15 U.S.C. § 1691(a)). The Court recognized that it was possible that she "attempted to allege that she was discriminated against based on age." *Id.* However, after providing the applicable legal standard for such discrimination, the Court explained that she did not "provide her age or explain how she was discriminated against on this basis." *Id.* Additionally, she did not "make any attempt to show that other similarly situated persons outside of the protected class were treated more favorably." *Id.* The Court further acknowledged that she may have "intended to allege a claim pursuant to § 1691(a)(3)," but explained that claim would fail too because she did not "state any factual allegations to explain how she was discriminated against, what right she was exercising, and how that is tied to the Bank with respect to her denied credit card application." *Id.* at *4. Thus, the Court concluded that Harp failed to state a claim under the ECOA or any other relevant statute and dismissed her Complaint. *Id.*

  Ms. Harp was given leave to file an amended complaint, *id.*, which she did. In her Amended Complaint ("Am. Compl."), the content of which is similar to her initial Complaint, Harp alleges that the Bank discriminated against her "for refusing to grant an individual account to a creditworthy applicant on a prohibited basis," citing to 12 C.F.R. § 1002.7(a). (Am. Compl. at 1.) Specifically, Harp claims that on September 9, 2024, she applied for a secured consumer credit card from the Bank that she was qualified for. (*Id.* at 3, 6.) She alleges that she was wrongfully denied the requested line of credit even though the Bank, "in accordance with its own advertised offer and Accompanying Terms and Conditions, opened a Deposit Account in [her]

2

name and recorded a security interest in the deposit, indicating that the deposit was being held as collateral for credit obligations." (*Id*. at 3.) In response to the denial of credit, on September 18, 2024, Harp, "requested information from the Bank on how to go about utilizing the security interest granted as prepayment for the secured account," presented her "security deposit," and "invoked her right under the ECOA to have her creditworthiness evaluated in a fair and non-discriminatory manner, citing 12 C.F.R. § 1002.6(b)(6)(1)." (*Id*. at 4.) "She made repeated attempts to clarify this issue through written communications on October 4, November 4, and November 15, 2024[,] and accompanied a Power of Attorney to operate as attorney-in-fact over her accounts." (*Id*.)

Ms. Harp alleges that even though she was a qualified applicant, the Bank "denied her application solely based on her credit history, without considering her secured deposit" and didn't abide by its own policy. (*Id*. at 6.) She further alleges that, "[u]pon information and belief, [the Bank] has approved other applicants with materially similar or worse credit histories who also provided the required security deposit." (*Id*.) Based on these allegations, Harp asserts that the Bank's "deviation from its established secured credit approval practices and ECOA provisions suggests that [she] was evaluated under an arbitrary and selectively applied standard, constituting impermissible disparate treatment under the ECOA." (*Id*. at 7.) She suffered financial and economic losses due to being denied the line of credit. (*Id*.) She seeks, *inter alia*, damages and equitable relief, including an order directing the Bank to approve her credit card application. (*Id.* at 1, 7.)

## II.     STANDARD OF REVIEW

Because Harp is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

3

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in a *pro se* amended complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that amended complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

**III.    DISCUSSION**

Harp's Amended Complaint reflects her intention to bring claims against the Bank for violations of the ECOA by discriminating against her. The exact reason for how she was discriminated against remains unclear, but she appears to claim discrimination based on her allegations that she is a member of a protected class, and the Bank did not consider her security deposit, which served to demonstrate her creditworthiness. (*See* Am. Compl. at 4-5.) Harp recognized in her Amended Complaint, *see* Am. Compl. at 5, that "[t]o establish a prima facie case under the ECOA, a plaintiff must show that (1) she was a member of a protected class; (2) she applied for credit from the defendant; (3) she was qualified for the credit; and (4) despite qualifying, she was denied credit." *Stefanowicz v. SunTrust Mortg.*, 765 F. App'x 766, 772 (3d Cir. 2019) (*per curiam*) (citing *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010)). "A plaintiff may support an assertion of discrimination by showing that the defendant 'has treated more favorably similarly situated persons not within the protected class.'" *Tolliver v. Thompson*, No. 21-1768, 2022 WL 3212085, at *4 (D. Del. Aug. 9, 2022) (quoting *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 413 (3d Cir. 1999)).

Even liberally construing the Amended Complaint, Harp has not plausibly alleged that she was discriminated against by the Bank in connection with the provision of credit (or otherwise) because of her membership in a protected class because yet *again* she does not allege that she is a member of any protected class encompassed by the ECOA. *See* 15 U.S.C. § 1691(a) (the ECOA prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)," or "because the applicant has in good faith exercised any right under this chapter [*i.e.,* the Consumer Credit Protection Act]."); *see also, Nat'l State Bank, Elizabeth, N. J. v. Long*, 630 F.2d 981, 984 (3d. Cir. 1980). Plaintiff that the Bank "has approved other applicants with materially similar or

5

worse credit histories who also provided the security deposit," *see* Am. Compl. at 6, but a consumer's credit history does not define them as a member of a protected class under ECOA. Even had she properly alleged that she is a member of a protected class, which she has not, Ms. Harp does not sufficiently show that she qualified for the card merely by pleading "creditworthiness" in conclusory terms. *See Pride v. U.S. Dep't of Agric.*, No. 23-2292, 2024 WL 3924579, at *6 (D.D.C. Aug. 23, 2024) (finding that plaintiff had "a 10-year track record of regularly paying back crop loans" does not sufficiently allege he was qualified for the loan).

It is also possible that Ms. Harp intended to allege a claim pursuant to § 1691(a)(3). *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). As the Court previously explained to her, "[i]n order to establish a violation of § 1691(a)(3), a plaintiff must show that: (1) [she] exercised in good faith (2) a right under the Consumer Credit Protection Act, and (3) as a result, the creditor discriminated against [her] with respect to the credit transaction." *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1335 (11th Cir. 2000). As mentioned above, Harp repeatedly asserts that she was a creditworthy applicant, but the Bank still denied her applications based only on her credit history without considering her security deposit. (*See* Am. Compl. at 1, 5-6.) That is not enough to allege a plausible § 1691(a)(3) claim. She fails to explain how she was discriminated against, what right she was exercising, and how that relates to the Bank's denial of her credit card applications. Her allegations in the Amended Complaint remain 8wholly conclusory, even after the Court provided her with the applicable legal standards, explained the defects in her initial Complaint, and gave her an opportunity to amend her claims. Thus, Harp fails to make any plausible allegations to support an inference that the Bank violated the ECOA, or any other relevant statute, by denying her a credit card.

IV.     **CONCLUSION**

For the reasons stated above, the Court will dismiss the Amended Complaint with prejudice. Since Harp has already been given an opportunity to amend her claims, and since her amended pleading added little to her first pleading, she will not be given further leave to amend. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 9443d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
**GERALD A. MCHUGH, J.**